IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM TESSIER,<br><br>    Plaintiff,<br><br>v.<br><br>ARCO DESIGN/BUILD LLC,<br><br>    Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW William Tessier ("Plaintiff" or "Mr. Tessier"), by and through his undersigned counsel, and files this Complaint for Damages, showing the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

2.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5(f).

1

3.

Defendant ARCO Design/Build LLC ("Defendant") does business in this judicial district. Additionally, the unlawful employment practices committed by Defendant that form the basis of this lawsuit were committed within this district.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADEA. Plaintiff filed a charge of discrimination with the EEOC on September 10, 2020; the EEOC issued its Notice of Right to Sue on February 2, 2021.

5.

This action has been commenced within ninety (90) days of receipt of the Notice of Right to Sue.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

Defendant is a foreign profit corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under the ADEA.

9.

Defendant is now and, at all times relevant hereto, has been a foreign limited liability company engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed twenty (20) or more employees for the requisite duration under the ADEA.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Registered Agent, Registered Agent Solutions, Inc, located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.

## FACTUAL ALLEGATIONS

11.

Defendant hired Mr. Tessier on October 9, 2017, as a Senior Architect for ADB Design Services, a division of ARCO Design/Build, Inc.

12.

In 2018, Mr. Tessier purchased stock to assume the position of Co-Director of Achitecture for ADB Design Services; however he did not receive the title change and change in duties until after he filed a discrimination complaint in July 2020.

13.

Throughout the course of Mr. Tessier's employment, he consistently experienced discrimination based on his age (over 40).

14.

Younger employees with far less experience were given preferential treatment over Mr. Tessier.

15.

For example, in 2017, Mr. Tessier was assigned a seat in an open office, while younger, recent graduates were given private offices.

16.

In or about March 2018, Mr. Tessier was removed from his temporary office and relocated to a semi-demolished breakroom.

17.

Younger employees and lesser experienced employees were also provided promotional opportunities that Mr. Tessier was denied.

18.

For example, in or about February 2018, Mr. Tessier was denied the chance to relocate to Dallas for the title and compensation that he wanted. Instead, a younger architect was hired.

19.

In or about January 2019, Mr. Tessier complained to Co-Chairman Rick Schultze about age-based discrimination.

20.

Specifically, Mr. Tessier complained about Defendant's hiring of a younger architect for the Dallas position when he had the experience already.

21.

Mr. Tessier was told that Defendant needed him to remain in Atlanta to guide Matthew Rodie.

22.

In mid-2019, Mr. Tessier expressed interest in running the new architectural office in Houston.

23.

Again, Defendant denied Mr. Tessier the promotional opportunty and instead hired a 29 year old to lead the Houston office.

24.

Matthew Rodie also made multiple age-based "joke" towards and/or about Mr. Tessier over the course of Mr. Tessier's employment. Mr. Schultze also stated that Mr. Rodie was the preferred "face" of the company, due ot his "energy."

25.

In or about June 2019, Mr. Tessier complained again to Mr. Schultze of age discrimination, including the fact that he had not received the change in his title or duties.

26.

Mr. Tessier also reported that he was not allowed to present his own ideas; that Mr. Rodie presented his ideas to clients, and took credit.

27.

On May 22, 2020, Mr. Tessier spoke with Mr. Schultze about the ongoing discrimination.

28.

Instead of addressing Mr. Tessier's concerns, Mr. Schultze turned the focus on Mr. Tessier.

29.

Mr. Schultze accused Mr. Tessier of having mental issues.

30.

On June 1, 2020, Mr. Tessier contacted the EEOC, and on June 3, 2020, Mr. Tessier submitted an official complaint of age discrimination, defamation of character and retaliation with Beth Hill in Human Resources.

31.

Defendant opened an investigation into Mr. Tessier.

32.

Human Resources suggested that Mr. Tessier attend conflict management classes and management assessment training.

33.

Mr. Tessier reported to Ms. Hill that this constituted ongoing retaliation.

34.

Mr. Tessier was overlooked for assignments that he had previously been promised.

35.

On July 29, 2020, Mr. Tessier was presented with a new and less desirable non-compete agreement by Mr. Schultze.

36.

Mr. Tessier was given until August 5, 2020, to sign the new non-compete agreement.

37.

Mr. Schultze told Mr. Tessier that if he did not sign the new non-compete agreement, that Defendant would withdraw Mr. Tessier's bonus.

38.

Mr. Tessier reinterated to Mr. Schultze that he was not going to sign the new non-compete agreement, and also indicated that he would be pursuing an age-discriminaton claim with the EEOC.

39.

On August 4, 2020, Ms. Hill sent Mr. Tessier a text message stating that Defendant accepted his resignation.

40.

Mr. Tessier had not resigned from his position.

41.

Defendant consistently treated other employees outside of his protected class, i.e. younger than 40, more favorably.

## COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED

42.

Plaintiff reincorpoates by reference paragraphs 11-41.

43.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his age in violation of ADEA, as amended.

44.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

45.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his age.

46.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

## **COUNT II:  RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED**

47.

Plaintiff reincorpoates by reference paragraphs 11-41.

48.

Plaintiff engaged in protected activity when he complained of age discrimination.

49.

Defendant retaliated against Plaintiff by terminating his employment as a result of Plaintiff's protected activity.

50.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide its retaliatory motive.

51.

Defendant's retaliatory actions against Plaintiff were in violation of the ADEA.

52.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its retaliation against Plaintiff was undertaken in bad faith.

53.

As a result of Defendant's retaliatory actions against Plaintiff, Plaintiff has suffered lost compensation and benefits.

54.

Pursuant to the ADEA, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADEA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e)     Prejudgment interest at the rate allowed by law;

(f)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h)     All other relief to which he may be entitled.

Respectfully submitted the 23rd day of February, 2021.

**BARRETT & FARAHANY**

 s/ *Adian Miller*
Adian Miller
Georgia Bar No. 794647

*Attorney for William Tessier*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com